# In the United States Court of Federal Claims

**OFFICE OF SPECIAL MASTERS**
No. 20-1015V
(not to be published)

| | |
|---|---|
| BRENDA WHIPKEY,<br><br>                Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND HUMAN SERVICES,<br><br>                Respondent. | Chief Special Master Corcoran<br><br>Filed: May 31, 2022<br><br>Special Processing Unit (SPU); Attorney's Fees and Costs |

*LeeAnne Pedrick, Maglio, Christopher, & Toale P.A., Washington, DC,* for Petitioner.

*Alexa Roggenkamp, U.S. Department of Justice, Washington, DC,* for Respondent.

**DECISION ON ATTORNEY'S FEES AND COSTS[1]**

On August 14, 2020, Brenda Whipkey filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleges that she suffered a shoulder injury related to vaccine administration as a result of an influenza vaccine that was administered to her on September 22, 2018. (Petition at 1). On February 17, 2022, a decision was issued awarding compensation to Petitioner based on the parties' stipulation. (ECF No. 37).

---

[1] Because this unpublished Decision contains a reasoned explanation for the action in this case, I am required to post it on the United States Court of Federal Claims' website in accordance with the E-Government Act of 2002.  44 U.S.C. § 3501 note (2012) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.**  In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755.  Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Petitioner has now filed a motion for attorney's fees and costs, dated April 18, 2022, (ECF No. 41), requesting a total award of $39,665.21 (representing $38,642.60 in fees and $1,022.61 in costs). In accordance with General Order No. 9, Petitioner filed a signed statement indicating that she incurred no out-of-pocket expenses. (ECF No. 41-3). Respondent reacted to the motion on May 2, 2022, indicating that he is satisfied the statutory requirements for an award of attorneys' fees and costs are met in this case, deferring resolution of the amount to be awarded at the Court's discretion. (ECF No. 42). Petitioner filed a reply on May 3, 2022, requesting the fees and costs be awarded in full. (ECF No. 43).

I have reviewed the billing records submitted with Petitioner's request. In my experience, the request appears reasonable, and I find no cause to reduce the requested hours or rates.

The Vaccine Act permits an award of reasonable attorney's fees and costs. Section 15(e). Accordingly, I hereby GRANT Petitioner's Motion for attorney's fees and costs. I award a total of **$39,665.21** (representing $38,642.60 in fees and $1,022.61 in costs) as a lump sum in the form of a check jointly payable to Petitioner and Petitioner's counsel. **Per Petitioner's request, the check should be forwarded to Maglio, Christopher & Toale, PA, 1605 Main Street, Suite 710, Sarasota Florida 34236.** In the absence of a timely-filed motion for review (see Appendix B to the Rules of the Court), the Clerk shall enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

s/Brian H. Corcoran<br>
Brian H. Corcoran<br>
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), the parties may expedite entry of judgment by filing a joint notice renouncing their right to seek review.